152 Wis.2d 598 (1989)
449 N.W.2d 52
IN the MATTER OF J.R., a person under eighteen years of age: J.R., Appellant,[]
v.
STATE of Wisconsin, Respondent.
No. 88-2333.
Court of Appeals of Wisconsin.
Submitted on briefs August 1, 1989.
Decided October 10, 1989.
*599 For the appellant the cause was submitted on the briefs of Elizabeth E. Stephens, assistant state public defender and Patricia Flood, assistant state public defender, of Milwaukee.
*600 For the respondent the cause was submitted on the briefs of E. Michael McCann, district attorney, by Susan J. Sommer, assistant district attorney, of Milwaukee.
Before Moser, P.J., Sullivan and Fine, JJ.
MOSER, P.J.
J.R. made his initial appearance in answer to two delinquency petitions pursuant to sec. 48.12, Stats. In a December 14, 1987, petition he was charged with party to the crime of operating an automobile without the owner's consent (OAWOOC) in violation of secs. 943.23(1) and 939.05, Stats., and party to the crime of theft in violation of secs. 943.20(1)(a), (3)(a) and 939.05, Stats. A petition filed January 6, 1988, charged J.R. with party to the crime of OAWOOC in violation of secs. 943.23(1) and 939.05 and attempted OAWOOC in violation of secs. 943.23(1), 939.32, and 939.05, Stats.
A chronological dating of the events that took place in this matter is as follows:

1/12/88 A plea hearing was held. A trial court
 found probable cause that J.R. was
 involved in the crimes. J.R. denied
 the allegations and demanded a jury
 trial. J.R. was placed in secure
 detention.
1/15/88 At a pretrial conference, J.R. was
 placed in nonsecure detention away
 from his home. A psychological evaluation
 was ordered.
1/29/88 The matter was apparently set for a
 plea hearing and disposition on

*601
 2/10/88. The nonsecure order was
 continued.
 2/10/88 J.R. retained new counsel so the publicly
 appointed counsel withdrew. The
 new counsel requested an adjournment
 which the court granted. The
 nonsecure detention order was
 continued.
 2/26/88 The fact-finding hearing was set for
 jury trial on 3/8/88. The nonsecure
 detention order was continued.
 3/8/88 The trial was adjourned because
 neither counsel nor the juvenile
 appeared. The juvenile went to the
 children's court center, not to the
 courthouse. A new pretrial date of
 3/14/88 was set.
 3/14/88 Private counsel sought and obtained
 permission to withdraw. A new pretrial
 date was set for the next counsel
 for 3/17/88. The nonsecure detention
 order was continued.
 3/17/88 New counsel requested, and the court
 ordered, a competency evaluation of
 J.R. Further proceedings were set in
 the matter for 4/5/88. Nonsecure
 detention continued.
 4/5/88 The previously ordered competency
 evaluation was not completed so the
 matter was set over to 4/29/88. Nonsecure
 detention continued.

*602
 4/29/88 The competency evaluation was
 returned. J.R. was found competent
 which was not challenged in the trial
 court. At this time, J.R. refused to
 waive statutory time limits under sec.
 48.30(7), Stats. The fact-finding hearing
 was set for 5/12/88.
 5/12/88 Since the trial court could not hear
 the case and no other judge was available,
 the trial court adjourned the
 matter sua sponte to 6/2/88. The
 court released J.R. from nonsecure
 detention to his home. The record
 reflects the trial court's reason for
 adjourning the fact-finding hearing as
 follows:

"We'll alert you as soon as we have the assistance of a spin-off judge. This Court is tied up in a, well, looks like it's probably going to be a seven or eight day trial, we're in the fourth day of it and we'll be getting, I hope, the assistance of a spin-off judge."
After a short recess, the trial judge adjourned the case stating:
"All right. We've been beating on the Chief Judge trying to get a spin-off judge and unfortunately there is no one available. This matter is going to be adjourned because there is one judge and two trials and I hope that's cause under the statutes."

 6/2/88 J.R. pled guilty to the theft charge as
 party to the crime and the State dismissed
 the OAWOOC charge in the
 12/14/87 delinquency petition. J.R.
 also admitted to the attempted

*603
 OAWOOC as party to the crime
 charge and the State dismissed the
 other OAWOOC charge but asked
 that it be read into the record on the
 1/6/88 delinquency petition. After
 thoroughly questioning J.R. concerning
 the rights he was giving up, the
 trial court accepted the plea and set
 the matter for dispositional hearing
 for 6/30/88.
6/30/88 At the close of the dispositional hearing,
 the trial court placed the juvenile
 on probation for one year with custody
 transferred to the Milwaukee
 Department of Social Services and
 placement at Wyalusing Academy.

It is from this dispositional order that J.R. appeals. The sole issue on this appeal is whether the trial court lost competency to proceed when the fact-finding hearing occurred more than thirty days after the plea hearing as required under sec. 48.30(7), Stats., and if those mandatory days may be tolled by a sua sponte adjournment of the fact-finding hearing due to court congestion.
[1]
This case requires construction of secs. 48.30 and 48.315, Stats., which appellate courts interpret with no deference to the trial court holdings.[1]
[2]
Where a citation or petition is contested, the date for the fact-finding hearing must be set by the trial court "no more than 30 days from the plea hearing for a child who is not held in secure custody."[2] This language is *604 similar to sec. 48.30(6), Stats., which governs time deadlines for dispositional hearings where petitions are not contested. We have previously held that this language was mandatory[3] and that a failure to comply with those time limits causes trial courts to lose competency to exercise jurisdiction to hear the petition. We are bound to construe the same language similarly.
Section 48.30(7), Stats., cannot be viewed in a vacuum, however, for purposes of the problems of this case. The problems in this case necessitate looking at the interplay of sec. 48.30(7) with the time tolling features of sec. 48.315, Stats.
Our supreme court has approved a trial court's sua sponte adjournment of a child in need of protection and services where the fact-finding hearing was held beyond the thirty day mandatory period after the plea hearing was held.[4] The trial court adjourned the fact-finding hearing in G.H. because the parents' attorney was not present. The supreme court held that the trial court properly adjourned the matter beyond the thirty day limitations pursuant to the "good cause" provision of the tolling statute.[5] The supreme court stated as follows:
We conclude that the general requirements of sec. 48.315(2), Stats., control all extensions of time deadlines under the Children's Code. While the enumerated specific circumstances of sec. 48.315(1) are governed by sec. 48.315(2), the statutory list of specific circumstances does not proscribe all other *605 grounds for extending time deadlines. A continuance may be granted directly under sec. 48.315(2), Stats.
A continuance under sec. 48.315, Stats., requires good cause to be shown. Measuring by this standard the record made by Judge Perlich at the hearing in this case on January 8, 1988, we find that the requirements for a continuance under sec. 48.315(2) were satisfied. We note with approval that Judge Perlich granted the continuance before the time limit in question had expired. We also note that Judge Perlich stated the issue as whether the time limit would be waived. We suggest that trial judges when addressing these questions refer directly to and cite the appropriate statutory provision.[6]
The case before us is controlled by the thirty day unsecured detention feature of the time limitations in sec. 48.30(7), Stats., along with the time tolling features of both sec. 48.315(1) and (2), Stats.
Under sec. 48.30(7), Stats., the fact-finding hearing must be held no more than thirty days from the plea hearing. The plea hearing was held on January 12, 1988. The trial court set a plea hearing and disposition hearing for February 10, 1988, which was timely since only twenty-nine days had passed from the January 12 hearing. The reason for that further plea hearing combined with a dispositional hearing was that there apparently was a plea bargain under discussion. On February 10, however, appointed counsel withdrew and was replaced by retained counsel who asked for an adjournment to February 26, 1988. The fact-finding hearing was then set for jury trial on March 8, 1988. Since this adjournment was accomplished at the request of J.R.'s counsel, the thirty day mandatory fact-finding hearing time limit was tolled pursuant to sec. 48.315(1)(b), Stats. Neither J.R. *606 nor his counsel appeared at the March 8 fact-finding hearing date so the case was adjourned to March 14, thus tolling the mandatory fact-finding hearing time limit pursuant to sec. 48.315(1)(f). At the fact-finding hearing date of March 14, J.R.'s retained counsel sought to and succeeded in withdrawing as counsel. The matter was adjourned to March 17 to obtain new appointed counsel for J.R. This was a delay recognized by sec. 48.315(1)(b). On March 17, J.R.'s new counsel requested and the court ordered, a competency evaluation. On April 29, J.R. was determined to be competent. These latter delays tolled the thirty day mandatory fact-finding hearing date pursuant to sec. 48.315(1)(a) and (b).
At the close of the April 29 hearing, the court set the fact-finding hearing for May 12, 1988. J.R., for the first time, refused to waive the fact-finding hearing statutory time limits of sec. 48.30(7), Stats. On May 12, the trial court noted it was in the fourth day of another trial and estimated that matter would take three more days. The trial court attempted to obtain another judge to hear the matter to no avail. It then adjourned the trial stating, "there is one judge and two trials and I hope that's cause under the statutes." The matter was adjourned to June 2 because of court congestion.
[3]
In this case, the time limits of sec. 48.30(7), Stats., were met since only twenty-nine days had passed between the plea hearing held on January 12 and the hearing held on February 10. The delays that occurred from February 10 to May 12 fall within the tolling provisions in sec. 48.315(1), Stats. The sua sponte adjournment by the trial court on May 12 falls under the good cause time extension in sec. 48.315(2).
*607 [4-7]
The good cause requirements of sec. 48.315(2), Stats., control all extensions of time deadlines under the Children's Code. Also, the enumerated specific circumstances noted in sec. 48.315(1) do not provide the exclusive grounds for time extensions. A continuance can be granted by a court to a party under sec. 48.315(2) for court congestion provided that good cause is shown and the trial court does so in a timely manner on the record. A good cause adjournment of a fact-finding hearing by a trial court sua sponte due to court congestion is a proper method to adjourn a fact-finding hearing. Because the trial court's sua sponte court congestion delay was a timely, statutory good cause adjournment, the trial court's order is affirmed.
By the Court.Order affirmed.
NOTES
[] Petition to review denied.
[1] See Ball v. District No. 4, Area Bd., 117 Wis. 2d 529, 537, 345 N.W.2d 389, 394 (1984).
[2] Sec. 48.30(7), Stats.
[3] In the Interest of R.H., III, 147 Wis. 2d 22, 35, 433 N.W.2d 16, 22 (Ct. App. 1988), aff'd per curiam by an equally divided court 150 Wis. 2d 432, 441 N.W.2d 233 (1989).
[4] In the Interest of G.H., 150 Wis. 2d 407, 441 N.W.2d 227 (1989).
[5] Id. at 418, 441 N.W.2d at 232. See sec. 48.315(2), Stats.
[6] Id. (footnote omitted).